UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS McCARTHY,

                Petitioner,

v.								9:19-CV-0883
								(BKS/TWD)
GERALD ZIMMERMAN,

                Respondent.
_____

APPEARANCES:						OF COUNSEL:

THOMAS McCARTHY
Petitioner pro se
P.O. Box 314
Ellicottville, NY 14731

THÉRÈSE W. DANCKS
United States Magistrate Judge

## DECISION and ORDER

Petitioner Thomas McCarthy filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, along with the statutory filing fee, in the United States District Court for the Western District of New York ("the Western District"). Dkt. No. 1, Petition ("Pet."); Dkt. Entry dated 05/22/2019 (identifying receipt number for filing fee transaction). On May 29, 2019, the Western District transferred the petition to this Court. Dkt. No. 2, Transfer Order; Dkt. No. 3.

Petitioner is challenging a 2015 judgment of conviction from the Cicero Town Court, upon a jury verdict, of forcible touching. Pet. at 1.[1,2] The Onondaga County Court affirmed

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[2] Petitioner was sentenced to sixty days incarceration and six years of probation. Pet. at 1.

the conviction on direct appeal and, on May 24, 2018, the New York State Court of Appeals denied leave to appeal. Pet. at 1-2.

The content of the petition is inconsistent with petitioner assertions. Specifically, petitioner contends that he is entitled to relief based upon nine grounds which he indicates he will identify on the attached addendum. Pet. at 7. However, the addendum only contains six grounds for relief. *Id.* at 8. Moreover, the addendum indicates that the petition will be accompanied by a "Supporting Memorandum"; however, no such memorandum was attached. *Id.* Instead, the present petition appears to allege that petitioner is entitled to federal habeas relief because (1) his constitutional right to a speedy trial was violated (Pet. at 9); (2) the trial court erred in allowing a witness to provide prejudicial testimony "on an unrelated, immaterial, and irrelevant matter" (*id.*); (3) the trial court erred in precluding petitioner from attacking the victim's credibility (*id.*); (4) the trial court erred by "[i]nvent[ing] . . . a new law [and using i]mproper jury instructions . . . ." (*id.*); and (5) his computers were wrongly seized to discover evidence which was already in the prosecutor's possession (*id.*).

Based upon an initial review, the Court concludes that petitioner's petition appears inconsistent with his intentions and the Habeas Rules. More specifically, Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires that a federal habeas petition brought pursuant to 28 U.S.C. § 2254 (1) "specify all the grounds for relief available to the petitioner," and (2) "state the facts supporting each ground[.]" Habeas Rule 2(c)(1)-(2). While petitioner has stated grounds for relief in his petition, he has not stated as many as the petition initially represented it would discuss. Moreover, petitioner has provided a brief and vague factual basis for relief. Presumably that

more in-depth discussion was contained with the "Supporting Memorandum" which was not attached to the present petition.

In sum, the Court will not speculate as to what petitioner is advancing regarding the claims being asserted, the grounds upon which his arguments are based, or the supporting facts upon which he relies. In light of his pro se status and in an effort to prevent unnecessary confusion for the Court, petitioner will be given an opportunity to amend his petition as outlined below.

Petitioner will be provided a blank form petition for completing his amended petition. As set forth below, petitioner is directed to complete every part of that blank petition. If petitioner fails to file an amended petition, the Court will presume that the present petition identifies all bases of habeas relief to which the petitioner believes he is entitled and will review said petition as the operative pleading.

**WHEREFORE**, it is

**ORDERED** that petitioner may file an amended petition **within thirty (30) days** of the filing date of this Decision and Order. The Clerk is directed to provide petitioner with a blank § 2254 habeas petition for this purpose. Petitioner shall complete every part of the blank petition, including the sections requiring him to state the name and location of the court that entered the challenged judgment(s), the date of the judgment(s), and, if applicable, the offense(s) for which he was convicted and the length of the sentence that was imposed. Petitioner must also state the date(s) upon which he filed any state court proceedings in which he challenged his conviction and clearly set forth the grounds raised in each application and the date(s) upon which the court(s) denied each application. **Petitioner**

**must specify all of the grounds upon which his federal petition is based, and the facts supporting each ground**, in the amended petition.

Petitioner **shall not** incorporate any portion of his original papers into his amended petition by reference. He must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Decision and Order. Petitioner must also sign and date the petition; and it is further

**ORDERED** that if petitioner does not file an amended petition within thirty (30) days of the filing date of this Decision and Order, the Court shall presume that the present petition identifies all bases of habeas relief to which the petitioner believes he is entitled and will review said petition as the operative pleading; and it is further

**ORDERED** that upon the filing of any amended petition, the Clerk shall forward the file in this matter to the Court for further review; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Court's Local Rules of Practice.

Dated: July 24, 2019

Thérèse Wiley Dancks
U.S. Magistrate Judge